IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE WEITZ COMPANY, L.L.C., | ) |
| Plaintiff/Third-Party Plaintiff | ) |
| vs. | ) Case No. 07-0103-CV-W-ODS |
| MacKENZIE HOUSE, L.L.C. and MH METROPOLITAN, L.L.C., | ) |
| Defendants/Counterclaimants, | ) |
| ARROWHEAD CONTRACTING, INC., CONCORDE CONSTRUCTION COMPANY, INC., POLAR AIRE HEATING AND COOLING SERVICE, INC., CONSTRUCTION BUILDING SPECIALTIES, INC. and FIDELITY DEPOSIT COMPANY OF MARYLAND, | ) |
| Third-Party Defendants. | ) |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTIONS TO DISMISS
DEFENDANTS' COUNTERCLAIMS

Pending before the Court are Plaintiff/Third-Party Plaintiff The Weitz Company, L.L.C.'s ("Weitz") Motions to Dismiss Count II and Count III of Defendant Arrowhead Contracting, Inc.'s ("Arrowhead") and Defendant Concorde Construction Company, Inc.'s ("Concorde") Counterclaims (Docs. # 33 and # 36). For the following reasons, Weitz's Motions are GRANTED.

I. BACKGROUND

In August 2007, Arrowhead and Concorde (collectively "Counterclaimants") filed Counterclaims against Weitz, asserting three causes of action: Count I for Breach of Contract, Count II for a Private Prompt Payment Act Claim under § 431.180, RSMo, and Count III for Quantum Meruit. Only Counts II and III are at issue for purposes of Weitz's Motions to Dismiss. Because the relevant portion of each subcontract is the same, as

are the parties' arguments, the Court will address both of Weitz's Motions to Dismiss simultaneously. Weitz contends that Counterclaimant's Counts II and III are precluded by the parties' subcontract and therefore must be dismissed under Fed. R. Civ. P. 12(b)(6). Specifically, Section 11.6 of each subcontract provides:

> Contract Terms Control
> In no event shall the Contractor be obligated to pay Subcontractor any anticipatory profit or indirect, special or consequential damages, however caused, and Subcontractor hereby waives all such Claims. Without limiting the generality of the foregoing, the Subcontractor specifically agrees that it shall not be entitled to assert, and it hereby waives, any Claims in quantum meruit, interest on late payments, or any other measure of damages other than as specifically provided in items 11.4 and 11.5 above.

See Exhibit A to Docs. # 24 and 27, p. 34 of 52.

Weitz argues that Counterclaimants' Count II, the Private Prompt Payment Act Claim brought pursuant to § 431.180, RSMo, which seeks interest on late payments, is waived by Section 11.6 of the subcontract. Likewise, Weitz contends Counterclaimants' Count III for quantum meruit is also precluded by Section 11.6.

## II. STANDARD

A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45046 (1957)). In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff. The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003).

## III. DISCUSSION

Counterclaimants first argue that Count III of their counterclaims–those for quantum meruit– are not precluded by Section 11.6 because quantum meruit is a separate and distinct legal theory that does not rely on, and instead rescinds, an otherwise controlling contract. Counterclaimants cite to <u>Johnson v. Star Bucket Pump Co.</u>, 202 S.W. 1143, 1153 (Mo. 1918), for the proposition that if a plaintiff elects to pursue its claim under a theory of quantum meruit, rather than for damages under the contract, then the contract performs no function in that suit. While a plaintiff may generally choose to pursue recovery under a theory of quantum meruit rather than under a breach of contract claim, the <u>Johnson</u> case does not suggest that a plaintiff may make such an election if it has explicitly waived such a claim. Here, Counterclaimants have contractually agreed that they may not elect to pursue a claim under quantum meruit.

Counterclaimants next argue that Missouri's public policy does not allow a party to contract away a right to litigate a subsequent claim. Quoting from a case from 1942, Counterclaimants state that under Missouri law, "[a] person cannot contract beforehand, under penalty of forfeiture, that he will not litigate a claim that may thereafter arise." <u>Cameron, Joyce & Co. v. State Highway Comm.</u>, 166 S.W.2d 458, 461 (Mo. 1942). More recent cases suggest this idea is outdated. The Missouri Supreme Court has now recognized that sophisticated parties are free to contractually limit future remedies. <u>See Purcell Tire & Rubber Co., Inc. v. Executive Beechcraft, Inc.</u>, 59 S.W.3d 505, 508 (Mo. 2001). For instance, Missouri recognizes a party's ability to contractually waive negligence and other tort claims. <u>See</u> <u>Alack v. Vic Tanny Int'l of Missouri</u>, 923 S.W.2d 330 (Mo. 1996). "If contract terms are unequivocal, plain and clear, the court is bound to enforce the contract as written." <u>Malan Realty Investors, Inc. v. Harris</u>, 953 S.W.2d 624, 626-27 (Mo. 1997) (holding that a party may waive even the constitutionally guaranteed right to a jury trial). Therefore, Section 11.6 of the parties' subcontract is

3

not unenforceable as against public policy.[1]

Counterclaimants also contend that § 431.030, RSMo, prohibits the enforcement of Section 11.6. Missouri Revised Statute § 431.030 states that "[a]ll parts of any contract or agreement hereafter made or entered into which either directly or indirectly limit or tend to limit the time in which any suit or action may be instituted, shall be null and void." Counterclaimants argue that Weitz's interpretation of Section 11.6, which would entirely preclude claims for quantum meruit and claims brought pursuant to the Private Prompt Payment Act, is prohibited by § 431.030, RSMo, because it necessarily limits the time in which the action for these claims may be instituted. Counterclaimants, however, do not provide any authority for the proposition that § 431.030, RSMo, which precludes an agreement to shorten the statute of limitations for an action, extends to preclude an agreement to waive or release a claim. As discussed previously, Missouri courts allow parties to contractually limit future remedies.

Finally, Counterclaimants contend that even if Section 11.6 of the subcontract is a valid waiver of claims for quantum meruit and interest on late payments, part of their Private Prompt Payment Act claims still survive. More specifically, Counterclaimants argue that § 431.180, RSMo, provides for attorney fees as well as interest on late payments. Therefore, Counterclaimants argue that at least their claim for attorney fees is not waived by Section 11.6. However, Section 11.6 waives claims for "quantum meruit, interest or late payments, *or any other measure of damages*" other than those provided for in the contract. Because the subcontract does not provide for claims brought under § 431.180, RSMo, Counterclaimants' claim must be dismissed.

---

[1] Arrowhead also argues that Weitz's interpretation of Section 11.6 as a waiver should be held to violate public policy because it fails for lack of consideration. Arrowhead states that "a claim in quantum meruit could be for a thousand dollars or, alternatively, could encompass more than a million dollars." Therefore, Arrowhead contends that waiving such a high value claim before it arises, "for no more consideration than that included in the original contract" violates public policy. Arrowhead was to receive nearly $500,000 under the terms of the contract; Arrowhead's lack of consideration argument borders on the frivolous.

4

## IV. CONCLUSION

For the foregoing reasons, Weitz's Motions to Dismiss Counts II and III of Arrowhead's and Concorde's Counterclaims are GRANTED.

IT IS SO ORDERED.

DATE: November 26, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

5