IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE WEITZ COMPANY, L.L.C. | ) |
|     Plaintiff/Third-Party Plaintiff | ) |
| vs. | ) Case No. 07-0103-CV-W-ODS |
| MacKENZIE HOUSE, L.L.C. and MH METROPOLITAN, L.L.C., | ) |
|     Defendants/Counterclaimants, | ) |
| ARROWHEAD CONTRACTING, INC., CONCORDE CONSTRUCTION COMPANY, INC., POLAR AIRE HEATING AND COOLING SERVICE, INC., CONSTRUCTION BUILDING SPECIALTIES, INC. and FIDELITY DEPOSIT COMPANY OF MARYLAND, | ) |
|     Third-Party Defendants. | ) |

## ORDER AND OPINION DENYING POLAR AIRE'S MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

### I. BACKGROUND

Pending is Third-Party Defendant Polar Aire Heating & Cooling Service's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment. For the following reasons, the motion (Doc. # 95) is denied.

### A. FACTS

MacKenzie House ("MacKenzie"), the owner of an apartment project, hired The Weitz Company ("Weitz") to be the general contractor for apartments being built in Kansas City, Missouri. Weitz then hired subcontractors, including Polar Aire Heating and Cooling Service ("Polar Aire"), to work on the apartments.

Based on Section 14.2.1 of the contract between MacKenzie and Weitz, MacKenzie could terminate Weitz at any time for cause. If Weitz was terminated for cause, MacKenzie could then accept assignment of subcontracts that Weitz previously made. Section 14.2.2. The assignment of the subcontract to Mackenzie would be effective only after Weitz's termination and notification to Weitz and the subcontractors. Section 5.4.1.

MacKenzie terminated Weitz, allegedly for failure to meet project deadlines. MacKenzie and Polar Aire agreed to assignment of Polar Aire's subcontract to MacKenzie. Polar Aire and MacKenzie then entered into a Change Order which purported to modify the original contract between Weitz and Polar Aire by resolving all previous claims and disputes that Weitz might have had with Polar Aire.

## B. PROCEDURE

Weitz filed suit against MacKenzie for breach of contract based on improper termination. MacKenzie counterclaimed against Weitz for liquidated damages for delays in finishing the construction project. Weitz then filed a third party complaint against Polar Aire for indemnification of expenses, costs, and attorney's fees to defend and address the subcontractor's claims and for possible damages. Polar Aire filed a motion for judgment on the pleadings or in the alternative for summary judgment on Weitz's claims. The motion (Doc. # 95) is denied.

## II. DISCUSSION

## A. STANDARD

Polar Aire's motion for judgment on the pleadings includes an alternative request for summary judgment depending upon the extent to which reliance upon exhibits submitted by Polar Aire is necessary. Polar Aire has referred to exhibits from its Answer to Weitz's Third Party Complaint, and not to exhibits from Weitz's Third Party Complaint. In this case, the exhibits Polar Aire referred to from its Answer are considered to be

2

matters outside of the record, and therefore judgment on the pleadings is inappropriate. Fed.R.Civ.P. 12(d). The court will consider Polar Aire's motion for summary judgment.

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. POLAR AIRE'S MOTION FOR SUMMARY JUDGMENT

Polar Aire advances two separate points in its motion for summary judgment. First, since MacKenzie took assignment of Polar Aire's subcontract when Weitz was terminated, Weitz is no longer a party of interest in this suit. Second, the Change Order executed between MacKenzie and Polar Aire resolved "all previous claims and disputes" between Polar Aire and Weitz, making Weitz's third party claim against Polar Aire improper.

Polar Aire's first point is based on two underlying assumptions: that Weitz was actually terminated for cause, and the assignment of Polar Aire's subcontract to MacKenzie was effective in extinguishing any claims Weitz may have had against Polar Aire. Even if, for the sake of argument, the court accepts these two assumptions, Polar Aire still may not be absolved of liability. If Polar Aire was responsible for any of Weitz's

3

delays in the project such that Weitz is liable to MacKenzie, then Polar Aire must answer to Weitz. Fed.R.Civ.P. 14 (b). The assignment of Polar Aire's subcontract to MacKenzie would not automatically vitiate Weitz's claims against Polar Aire.

Weitz was not a party to the Change Order, and it is a basic contract principle that its rights cannot be diminished by Polar Aire and MacKenzie without Weitz's concurrence. It is true that MacKenzie would have all the rights and benefits of Weitz if the subcontract was validly assigned to MacKenzie; however, this cannot prevent any claims by Weitz against Polar Aire based on past work when Weitz was still the general contractor.

It is still very early in the proceedings, as discovery has only just begun; however there is no requirement that discovery must occur before summary judgment can be entered. U.S. ex rel. Small Business Admin. v. Light, 766 F.2d 394, 397 (8th Cir. 1985). In this case though, without further discovery to determine whether Polar Aire's actions contributed to Weitz's liability to MacKenzie, it would be improper to grant Polar Aire's summary judgment motion. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Fed.R.Civ.P. 56 (f). Polar Aire's summary judgment motion is denied.

       IT IS SO ORDERED.

       /s/ Ortrie D. Smith
       ORTRIE D. SMITH, JUDGE
DATE: June 26, 2008       UNITED STATES DISTRICT COURT