IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE WEITZ COMPANY, L.L.C., | ) |
| | ) |
|     Plaintiff/Third-Party Plaintiff | ) |
| | ) |
| vs. | )   Case No. 07-0103-CV-W-ODS |
| | ) |
| MacKENZIE HOUSE, L.L.C. and | ) |
| MH METROPOLITAN, L.L.C., | ) |
| | ) |
|     Defendants/Counterclaimants, | ) |
| | ) |
| ARROWHEAD CONTRACTING, INC., | ) |
| CONCORDE CONSTRUCTION | ) |
| COMPANY, INC., POLAR AIRE | ) |
| HEATING AND COOLING SERVICE, | ) |
| INC., CONSTRUCTION BUILDING | ) |
| SPECIALTIES, INC. and FIDELITY | ) |
| DEPOSIT COMPANY OF MARYLAND, | ) |
| | ) |
|     Third-Party Defendants. | ) |

ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO CLAIMS INVOLVING THIRD-PARTY DEFENDANT ARROWHEAD CONTRACTING, INC.

    Plaintiff filed a Motion for Summary Judgment (Doc. # 347) and six different Suggestions in Support, each addressing various parties and various claims. In this Order, the Court addresses the arguments regarding Arrowhead Contracting, Inc. ("Arrowhead"), which are contained in Document Number 353 on the Docket Sheet. Plaintiff's request for summary judgment is denied.

    Plaintiff was the general contractor on construction project, and Arrowhead was one of the subcontractors. In December 2005, Plaintiff invoked a provision in the subcontract allowing it to terminate Arrowhead for delays. In December 2006, Plaintiff stopped work because three applications for interim payments were not paid. Defendants terminated Plaintiff on or about January 18, 2007, alleging Plaintiff was behind on the project. Plaintiff filed suit, alleging the contract was wrongfully

terminated. Defendants counterclaimed in order to recover (1) liquidated damages for the delayed completion and (2) the increased cost of completing the construction. In response to Defendants' counterclaims, Plaintiff filed Third-Party Complaints against various subcontractors, including Arrowhead, alleging that if the project was behind schedule it was the fault of the subcontractors and not Plaintiff. Arrowhead then filed a counterclaim on the Third-Party Complaint, alleging that Plaintiff breached the subcontract by wrongfully terminating Arrowhead.

Plaintiff's motion is related to Arrowhead's claim that its termination was not justified. However, Plaintiff does not seek a ruling that the termination justified; "[i]nstead, the subject of this Motion is the propriety of the *timing* of Weitz's termination of Arrowhead pursuant to the terms of the Subcontract. Weitz seeks [a ruling] that Weitz provided proper notice to Arrowhead of its supplementation and eventual termination of Arrowhead on the Project." Plaintiff's Suggestions in Support at 3.

Plaintiff's request for a ruling that its termination of Arrowhead Contracting was timely is denied. Plaintiff describes the issue narrowly and only seeks a ruling that notice was provided within 48-hours of certain events – but unless those events constituted grounds for termination, a ruling that the notice was provided within 48 hours is meaningless. There is nothing to be gained from isolating the date(s) on which notices and letters were delivered (which are largely uncontroverted facts in any event) and considering them separately from the larger issue.

IT IS SO ORDERED.

DATE: November 19, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT