IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE WEITZ COMPANY, L.L.C., | ) |
| Plaintiff/Third-Party Plaintiff | ) |
| vs. | ) Case No. 07-0103-CV-W-ODS |
| MacKENZIE HOUSE, L.L.C. and MH METROPOLITAN, L.L.C., | ) |
| Defendants/Counterclaimants, | ) |
| ARROWHEAD CONTRACTING, INC., CONCORDE CONSTRUCTION COMPANY, INC., POLAR AIRE HEATING AND COOLING SERVICE, INC., CONSTRUCTION BUILDING SPECIALTIES, INC. and FIDELITY DEPOSIT COMPANY OF MARYLAND, | ) |
| Third-Party Defendants. | ) |

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO CLAIMS INVOLVING THIRD-PARTY DEFENDANT HORIZON PLUMBING, INC.

Plaintiff filed a Motion for Summary Judgment (Doc. # 347) and six different Suggestions in Support, each addressing various parties and various claims. In this Order, the Court addresses the arguments regarding Horizon Plumbing, Inc. ("Horizon"), which are contained in Document Number 356 on the Docket Sheet. Plaintiff's request for summary judgment is denied.

Plaintiff was the general contractor on construction project, and Horizon was one of the subcontractors. Plaintiff stopped work on or about December 26, 2006, because three applications for interim payments were not paid. Defendants terminated Plaintiff on or about January 18, 2007, alleging Plaintiff was behind on the project. Defendants then assumed Plaintiff's subcontracts and completed the project using Plaintiff's subcontractors. Plaintiff filed suit, alleging the contract was wrongfully terminated.

Defendants counterclaimed in order to recover (1) liquidated damages for the delayed completion and (2) the increased cost of completing the construction. Plaintiff then filed Third-Party Complaints against subcontractors, including Horizon. With respect to Horizon, Plaintiff contends some of the costs sought by Defendants include costs attributed to faulty work performed by Horizon. Plaintiff also contends some of the delay for which Defendants seek liquidated damages is attributable to Horizon's faulty work.

Plaintiff invokes provisions from the subcontract obligating Horizon to indemnify and defend Plaintiff from this aspect of Defendant's claims, and requests partial summary judgment with respect to Horizon's duties. The Court's discussion is confined to generalities because of the state of the pleadings and the lack of certain facts (including the current state of Defendants' claim against Plaintiff.

Section 8.4 of the subcontract requires Horizon to indemnify the general contractor:

> Subcontractor shall defend, indemnify and hold harmless the . . . Contractor . . . and [its] agents, assigns, employees, insurers . . . from and against claims, damages, losses and expenses, including but not limited to attorney's fees . . . but only to the extent arising out of or resulting from the performance by Subcontractor of its Work under the Subcontract Documents . . . .

In addition, section 6.6 governs Horizon's responsibility for damages caused by delays:

> If the Subcontractor fails to complete the Subcontractor's Work within the agreed time, then the Subcontractor shall pay the Contractor for such delay damages as the Contractor shall be required to pay to the Owner under the Prime Contract, but only to the extent allocable to the Subcontractor's delayed completion.

At one time, Defendants sought nearly $340,000 from Plaintiff due to repair and remediation of water and mold damage. Defendants also claimed the repair effort added 84 days of delay to the project, starting from the time when the damage was discovered. The damage in question was attributed to a missing drain pipe that allowed

2

water and moisture to accumulate.  Horizon was responsible for connecting the pipes, and this was to have been done at a time before Defendants terminated its contract with Plaintiff.  Significantly, Defendants also filed a Third-Party Complaint against Horizon to recover what appear to be the same costs.  Defendants and Horizon settled that claim for slightly less than $650,000.

If anything is clear, it is this: Defendants can recover only once for the damage and delays attributed to Horizon's failures regarding the pipes.  If they recover from Horizon, then they cannot also recover from Plaintiff.  If they recover from Plaintiff, they cannot also recover from Horizon – and, in that case, under the Subcontract Plaintiff would be entitled to seek indemnification from Horizon.  The difficulty is this: the Court cannot determine whether or to what extent Defendants are still seeking damages from Plaintiff for costs related to Horizon's work.  Horizon contends Defendants are no longer seeking recovery of these costs from Plaintiff – but there is nothing from Defendants indicating they have abandoned their claim for these costs.  Therefore, the Court cannot conclude much of anything about Horizon's present obligation.

Plaintiff also seeks recovery of defense costs, and the previous discussion is relevant to that inquiry as well.  If Defendants stopped seeking damages from Plaintiff because of its settlement with Horizon, then Horizon's duty to defend ended at that point.  If Defendants still seek recovery for costs related to Horizon's work, then Horizon's duty to defend continues.  The Court cannot determine when, if all, Horizon's duty to defend terminated.  Moreover, Horizon is only responsible for that portion of defense costs related to the issues involving its work, and the Court has not been asked to assign a dollar figure to Horizon's responsibility.

Finally, the Court must address Horizon's argument that if the contract was properly terminated and assumed by Defendants, then it no longer owed Plaintiff a duty to defend.  The Court has already rejected a similar argument presented by another of the subcontractors on this project.  See Order dated June 26, 2008.  Simply put, if Horizon's actions caused Plaintiff to incur damages, then Horizon is obligated to indemnify and defend Plaintiff – even if the contract was terminated or assigned after Horizon's actions occurred.

3

Plaintiff's request for summary judgment is denied.

IT IS SO ORDERED.

DATE: November 19, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT