IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE WEITZ COMPANY, L.L.C., | ) |
| Plaintiff/Third-Party Plaintiff | ) |
| vs. | ) Case No. 07-0103-CV-W-ODS |
| MacKENZIE HOUSE, L.L.C. and MH METROPOLITAN, L.L.C., | ) |
| Defendants/Counterclaimants, | ) |
| ARROWHEAD CONTRACTING, INC., CONCORDE CONSTRUCTION COMPANY, INC., POLAR AIRE HEATING AND COOLING SERVICE, INC., CONSTRUCTION BUILDING SPECIALTIES, INC. and FIDELITY DEPOSIT COMPANY OF MARYLAND, | ) |
| Third-Party Defendants. | ) |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO CLAIMS INVOLVING THIRD-PARTY DEFENDANT CONCORDE CONSTRUCTION COMPANY, INC.

Plaintiff filed a Motion for Summary Judgment (Doc. # 347) and six different Suggestions in Support, each addressing various parties and various claims. In this Order, the Court addresses the arguments regarding Concorde Construction Company, Inc. ("Concorde"), which are contained in Document Number 355 on the Docket Sheet. Plaintiff's request for summary judgment is denied.

Plaintiff was the general contractor on construction project, and Concorde was one of the subcontractors. In December 2006, Plaintiff stopped work because three applications for interim payments were not paid. Defendants terminated Plaintiff on or about January 18, 2007, alleging Plaintiff was behind on the project, then assumed Plaintiff's subcontracts and completed the project using Plaintiff's subcontractors. Plaintiff filed suit, alleging the contract was wrongfully terminated. Defendants

counterclaimed in order to recover (1) liquidated damages for the delayed completion and (2) the increased cost of completing the construction.

In response to Defendants' counterclaims, Plaintiff filed Third-Party Complaints against various subcontractors, including Concorde, alleging that if the project was behind schedule it was the fault of the subcontractors and not Plaintiff. Concorde then filed counterclaims against Weitz; the surviving claim[1] alleges Concorde is owed money for breach of the subcontract.

Concorde has not responded to Plaintiff's request for summary judgment, and the time for doing so has passed. Nonetheless, the Court can only grant summary judgment if the record and law support it: a "default summary judgment" is not permitted. The statement of uncontroverted facts "shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party," Local Rule 56.1(a), but the Court must insure those facts are supported by the Record.

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but

---

[1] Two of Concorde's counterclaims were dismissed in an Order dated November 26, 2007.

Case 4:07-cv-00103-ODS   Document 410   Filed 11/19/09   Page 2 of 4

. . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The Court has reviewed the Record and concludes these facts are established and, in light of Concorde's failure to respond, stand uncontroverted and admitted. Concorde entered a subcontract with Plaintiff to provide labor and services related to carpentry, framing, siding, drywall, painting and electrical work. Defendants took assignment of the subcontract after they terminated Plaintiff and bore the responsibility for paying Concorde. The Record reflects Concorde was paid in accordance with the Subcontract, but it nonetheless contends more money is owed by Plaintiff.

In its Rule 26 disclosures, Concorde identified its damages as follows:

> Outstanding subcontract balance – $464,699.93 plus applicable interest
> Delay and impact, lost profits, lost business, lost trade accounts, and lost subcontractor relationship damages - In excess of $1,910,840.00
> Attorney Fees

A further breakdown of these calculations was provided in an exhibit during the deposition of Concorde's representative (Tommy Hammond), and the matter was also discussed during Hammond's deposition.

The subcontract with Concorde precludes recovery of "delay damages," which are defined as "any damages incurred or sustained by the Subcontractor due to . . . . extension of the completion date of the Subcontractor's Work, or to enlargement of the Subcontractor's Work (whether due to any changes, acceleration, suspension, delay, hindrance, disruption, interruption, or interference in, with or of the Subcontractor's Work or otherwise) . . . ." Section 5.6 of the subcontract permits the subcontractor to recover delay damages "only to the extent that the Contractor actually receives . . . reimbursement for delay damages under the Prime Contract for events pertaining to the contractor's Work." Plaintiff received no such reimbursement, so Concorde cannot seek delay damages from Plaintiff. Business opportunities and associated profit allegedly lost because Concorde was still working on this project qualify as delay damages.

3

Thus, the second item on Concorde's Rule 26 disclosure – accounting for $1,910,840.00 – is barred by the subcontract.

This leaves the "outstanding subcontract balance," and the Court does not know what this number represents or how it was calculated. Regardless, the undisputed facts demonstrates Concorde received full compensation. Concorde has claimed the total cost of completing its work was $4,560,024. Concorde has already received $3,373,646 from Plaintiff and an additional $1,599,402 from Defendants – for a total of $4,973.048. Concorde's representative acknowledged this fact but explained that the "original profit on this job is a lot more than what we've ended up making." Hammond Depo. at 122. This may be, but in failing to respond Concorde has failed to suggest to the Court any contractual theory entitling it to recover more, much less a basis for calculating that "lost anticipated profit." The Record demonstrates (and Concorde does not dispute) that the sums owed under the contract were paid; Concorde cannot seek more money simply because the sums owed and paid did not provide it with the profit it hoped to receive.

Concorde has no legally cognizable damages. Therefore, Plaintiff is entitled to summary judgment on Concorde's remaining counterclaim.

IT IS SO ORDERED.

DATE: November 19, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT