IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE WEITZ COMPANY, L.L.C., | ) |
|     Plaintiff/Third-Party Plaintiff | ) |
| vs. | ) Case No. 07-0103-CV-W-ODS |
| MacKENZIE HOUSE, L.L.C. and MH METROPOLITAN, L.L.C., | ) |
|     Defendants/Counterclaimants, | ) |
| ARROWHEAD CONTRACTING, INC., CONCORDE CONSTRUCTION COMPANY, INC., POLAR AIRE HEATING AND COOLING SERVICE, INC., CONSTRUCTION BUILDING SPECIALTIES, INC. and FIDELITY DEPOSIT COMPANY OF MARYLAND, | ) |
|     Third-Party Defendants. | ) |

ORDER AND OPINION DENYING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT

Pending is Defendants' Motion for Summary Judgment. The Court concludes there are disputed issues of material fact that preclude summary judgment, so the motion (Doc. # 354) is denied.

This suit arises from a construction contract. Plaintiff was engaged to construct one or more buildings, and one or both Defendants were obligated to pay Plaintiff. Plaintiff stopped work on or about December 26, 2006, because three applications for interim payments were not paid. Defendants terminated Plaintiff on or about January 18, 2007, alleging Plaintiff was behind on the project. Defendants then assumed Plaintiff's subcontracts and completed the project using Plaintiff's subcontractors. Plaintiff filed suit, alleging the contract was wrongfully terminated. Defendants counterclaimed in order to recover (1) liquidated damages for the delayed completion and (2) the increased cost of completing the construction.

Defendants first contend MacKenzie House is not a party to the contract with Plaintiff and so it must be dismissed.  The Record is not as clear as Defendants contend.  Significantly, there are documents that refer to MacKenzie House as the "Owner," and the Owner is a party to the contract.  The contract (and other documents) are signed by Donald MacKenzie, who is the sole member of MacKenzie House lacks authority to sign contracts on behalf of MH Metropolitan – which might persuade a jury that he was signing on behalf of MacKenzie House.  Moreover, the Court concludes a jury could find the Defendants are really a single entity or are "alter egos" of each other – making each liable for the other's debts.

Defendants next argue they are entitled to summary judgment on part of Plaintiff's claim for breach of contract.  They contend Plaintiff seeks recovery of over $1.9 million that was due to be paid to subcontractors, but Plaintiff cannot recover because Defendants paid those sums directly to subcontractors.  Plaintiff concedes that its damage claim must be reduced to the extent that it represents claims for amounts (1) due to subcontractors that (2) Defendants paid to subcontractors.  The problem is that the Record does not conclusively establish that amount.  Defendants correctly contend Plaintiff bears the burden of proving the amount it is owed, but that burden is to be carried at trial.  Here, Defendants bear the initial burden of demonstrating the absence of disputed material facts, which they have not done – so the Court cannot conclude, as a matter of law, how much to reduce Plaintiff's claim.

Third, Defendants' request for summary judgment on Plaintiff's Prompt Payment Act ("PPA") claim is denied.  The PPA, Mo. Rev. Stat. § 431.180, declares that "[a]ll persons who enter into a contract for private design or construction work . . . shall make all scheduled payments pursuant to the terms of the contract."  Mo. Rev. Stat. § 431.180.1.  The PPA continues by decreeing that anyone owed a "scheduled payment" that is not paid may assert a claim and "the court may in addition to any other award for damages, award interest . . . and reasonable attorney fees, to the prevailing party."  Id. § 431.180.2.  The parties argue about whether the amount due must be liquidated in order to assert a PPA claim.  Defendant (reasonably, given the dearth of Missouri cases on the subject) relies on other statutes that provide for interest and attorney fees in

2

contract cases to argue that the PPA also requires that the amount sought be liquidated. The Court concludes that the elements of a PPA claim implicitly incorporate a requirement that damages be liquidated, so there is no need to conduct a separate inquiry.

As Defendants point out, other statutes permitting interest on contract claims require that damages be liquidated. E.g., United States for Use and Benefit of Conner Universal Co., Inc. v. Dimarco Corp., 985 F.2d 954, 959 (8th Cir. 1993) (quoting Fohn v. Title Ins. Corp. of St. Louis, 529 S.W.2d 1, 5 (Mo. 1975) (en banc)); see also Trinity Products, Inc. v. Burgess Steel, L.L.C., 486 F.3d 325, 336 (8th Cir. 2007). The amount due is liquidated if it is "fixed and determined, readily determined, or ascertainable by computation." Far East Services Corp. v. Tracker Marine, L.L.C., 246 S.W.3d 486, 507 (Mo. Ct. App. 2007); see also Children Int'l v. Ammon Painting Co., 215 S.W.3d 194, 203-04 (Mo. Ct. App. 2006); American Laminates, Inc. v. J.S. Latta Co., 980 S.W.2d 12, 24 (Mo. Ct. App. 1998). Although this requirement is not explicitly included in those statutes, courts have imposed it because "where the person liable does not know the amount he owes he should not be considered in default because of failure to pay." Fohn, 529 S.W.2d at 5.

There is no need to judicially graft a requirement that damages be liquidated onto the PPA because the statute already effectively requires one. The PPA applies only when a "scheduled payment" is not made. If the payment is scheduled in the contract, then the obligor knows the amount owed and there is no reason to excuse the default. Moreover, the amount owed on a "scheduled payment" is inherently "fixed and determined, readily determined, or ascertainable by computation" under the terms of the contract establishing the schedule. Finally, the Court notes Plaintiff can recover its contract damages on other claims it has asserted, so the only relief provided by the PPA is interest and attorney fees. Those remedies are to be awarded, if at all, by the Court. Given that a trial will be necessary on Plaintiff's contract claim(s), the prudent course is to allow the PPA claim to remain and allow the Court an opportunity to hear the evidence and decide for itself whether interest and fees are warranted.

3

Defendants' final argument is that they are entitled to summary judgment because there is no expert testimony to support Plaintiff's damage calculations. This argument depended entirely on the Court's ruling with respect to Defendants' motion to strike Plaintiff's expert. In a previously issued order the Court has only partially granted the motion to strike Plaintiff's expert, so this final argument fails.

IT IS SO ORDERED.

DATE: November 19, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

4