IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

THE WEITZ COMPANY, L.L.C.,              )
                                        )
    Plaintiff/Third-Party Plaintiff     )
                                        )
vs.                                     )          Case No. 07-0103-CV-W-ODS
                                        )
MacKENZIE HOUSE, L.L.C. and             )
MH METROPOLITAN, L.L.C.,                )
                                        )
    Defendants/Counterclaimants,        )
                                        )
ARROWHEAD CONTRACTING, INC.,            )
CONCORDE CONSTRUCTION                   )
COMPANY, INC., POLAR AIRE               )
HEATING AND COOLING SERVICE,            )
INC., CONSTRUCTION BUILDING             )
SPECIALTIES, INC. and FIDELITY          )
DEPOSIT COMPANY OF MARYLAND,            )
                                        )
    Third-Party Defendants.             )

ORDER AND OPINION DENYING ARROWHEAD CONTRACTING, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

    Pending is a Motion for Partial Summary Judgment filed by Third-Party
Defendant Arrowhead Contract, Inc. ("Arrowhead"). The motion (Doc. # 344) is denied.

    Plaintiff was the general contractor on construction project, and Arrowhead was
one of the subcontractors. In December 2006, Plaintiff stopped work because three
applications for interim payments were not paid. Defendants terminated Plaintiff on or
about January 18, 2007, alleging Plaintiff was behind on the project. Plaintiff filed suit,
alleging the contract was wrongfully terminated, and Defendants counterclaimed in
order to recover (1) liquidated damages for the delayed completion and (2) the
increased cost of completing the construction. In response to Defendants'
counterclaims, Plaintiff filed Third-Party Complaints against various subcontractors,
including Arrowhead, alleging that if the project was behind schedule it was the fault of
the subcontractors and not Plaintiff. Arrowhead then filed a counterclaim on the Third-

Party Complaint, alleging that Plaintiff breached the subcontract by wrongfully terminating Arrowhead.

Arrowhead seeks summary judgment on Plaintiff's claim for liquidated damages, contending the subcontract's liquidated damage clause – section 6.5 – is incomplete and unenforceable. Plaintiff does not refute Arrowhead's argument about section 6.5, and instead points out it is relying on a different provision: section 6.6, which is a "pass through" provision that allows Plaintiff to recover from Arrowhead any liquidated damages Plaintiff is held to owe Defendants. That provision states as follows:

> If the Subcontractor fails to complete the Subcontractor's Work within the agreed time, then the Subcontractor shall pay the Contractor for such delay damages as the Contractor shall be required to pay to the Owner under the Prime Contract, but only to the extent allocable to Subcontractor's delayed completion.

Arrowhead persists in its request for summary judgment, but it seeks judgment on a claim/theory that is not being presented. Arrowhead is not entitled to summary judgment on claims that are not presented.[1]

Arrowhead also argues the liquidated damage provision in the prime contract is unenforceable. If it is unenforceable, then Plaintiff cannot owe Defendants any liquidated damages, so there is nothing to pass through to the subcontractors. This argument has been rejected, so it does not obviate Plaintiff's reliance on section 6.6. Arrowhead's final argument – that it was not responsible for any of the project's delay – is a disputed factual matter that a jury must resolve.

IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: November 19, 2009          UNITED STATES DISTRICT COURT

---

[1]Of course, in light of Plaintiff's representations, the Court will not allow Plaintiff to present a claim premised on section 6.5.

Case 4:07-cv-00103-ODS   Document 412   Filed 11/19/09   Page 2 of 2