IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| THE WEITZ COMPANY, L.L.C., | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff/Third-Party Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 07-0103-CV-W-ODS |
| | ) | |
| MacKENZIE HOUSE, L.L.C. and | ) | |
| MH METROPOLITAN, L.L.C., | ) | |
| | ) | |
| Defendants/Counterclaimants, | ) | |
| | ) | |
| ARROWHEAD CONTRACTING, INC., | ) | |
| CONCORDE CONSTRUCTION | ) | |
| COMPANY, INC., POLAR AIRE | ) | |
| HEATING AND COOLING SERVICE, | ) | |
| INC., CONSTRUCTION BUILDING | ) | |
| SPECIALTIES, INC. and FIDELITY | ) | |
| DEPOSIT COMPANY OF MARYLAND, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## ORDER AND OPINION (1) GRANTING MOTION TO ADDRESS ATTORNEY FEES AFTER TRIAL, (2) DENYING MOTION TO STRIKE CLAIMS FOR ATTORNEY FEES, AND (3) DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

1. Based on the authorities cited by Plaintiff, the motion asking the Court to decide issues related to attorney fees as a post-trial matter (Doc. # 472) is granted. Depending on the jury's decisions, the Court will establish an appropriate procedure to enable it to address these matters.

2. Horizon Plumbing's ("Horizon") Motion to Strike (Doc. # 479) is denied. The fact that Plaintiff asserts a claim for attorney fees has been no secret. Accepting Horizon's claim that the amount of fees should have been but was not disclosed, the failing is understandable given that the amount of fees Plaintiff can seek from Horizon cannot be calculated until the other claims have been resolved. Moreover, any prejudice to Horizon can be cured by establishing appropriate procedures before the Court considers the matter as described in the preceding paragraph.

3. Horizon's Motion for Judgment on the Pleadings and to Enforce Settlement Agreement (Doc. # 477) is denied. Defendants' claims against Horizon have, for all intents and purposes, been settled. Defendants have further declared they have no claims to assert against Horizon. Thus, there is no need to rush to divert attention from the immediate matters of trial and quickly consider whether there is a need for judicial action to enforce the settlement.

In any event, Horizon must remain a party to the suit (with its rights and liabilities at issue in the trial) because of Plaintiff's claims. Plaintiff's claims are premised on Horizon's obligation to indemnify it against counterclaims asserted by Defendants. Contrary to Horizon's intimation, the fact that Defendants no longer have claims against Horizon does not terminate Plaintiff's claims against Horizon. Specifically, Defendants seek damages from Plaintiff for the delay in completing the Garage; Plaintiff contends some of this delay was due to Horizon, and that Horizon therefore owes it a duty of indemnification. Defendants also seek to recover the cost of completing the work Horizon was to perform; once again, Plaintiff seeks to recover such costs from Horizon. The jury will have to resolve these claims.

The Court rejects Horizon's contention that these claims are not raised or have not been fully documented. Plaintiff's claims are derived from and dependant on Defendants' claims, and the Court is presently of the opinion that Horizon has been sufficiently apprised of their nature and extent.
IT IS SO ORDERED.

DATE: January 19, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT