IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE WEITZ COMPANY, L.L.C., | ) |
|     Plaintiff/Third-Party Plaintiff | ) |
| vs. | ) Case No. 07-0103-CV-W-ODS |
| MacKENZIE HOUSE, L.L.C. and MH METROPOLITAN, L.L.C., | ) |
|     Defendants/Counterclaimants, | ) |
| ARROWHEAD CONTRACTING, INC., CONCORDE CONSTRUCTION COMPANY, INC., POLAR AIRE HEATING AND COOLING SERVICE, INC., CONSTRUCTION BUILDING SPECIALTIES, INC. and FIDELITY DEPOSIT COMPANY OF MARYLAND, | ) |
|     Third-Party Defendants. | ) |

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR JUDGMENT AGAINST DEFENDANT CONCORDE CONSTRUCTION COMPANY

Plaintiff renews its request that judgment be entered against Concorde Construction Company ("Concorde") because it did not participate at trial. The motion (Doc. # 551) is denied.

Concorde was represented by counsel for much of this litigation, and filed an answer. On January 7, 2010 – approximately two and a half weeks before trial – the attorneys representing Concorde filed a Motion to Withdraw. The Court granted the motion on January 13, 2010. On the morning of trial, Concorde was not represented by counsel. Plaintiff moved for a default judgment, which the Court orally denied. Plaintiff's claims against Concorde were submitted to the jury along with Plaintiff's claims against the other Defendants. The jury rejected Plaintiff's claims.

The Court has several difficulties with Plaintiff's request for a default judgment. First and foremost is the fact that Concorde filed an answer – so it technically was not in default. Plaintiff relies on cases granting a default judgment when a defendant has

failed to defend, but even this is not an accurate description of events. Concorde answered, participated in discovery, and responded to (and fended off) motions for summary judgment. It did not disobey or ignore any orders of the Court – it simply did not show up for trial. This is not the sort of "willful violation" of court rules that justifies a default judgment against a defendant. See Ackra Direct Marketing Corp v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).[1] There, while the corporation's failure to obtain counsel rendered it "technically in default," default was justified because the corporation/defendant failed to obey deadlines (because, without counsel, the corporation could not act) – the mere absence of counsel did not constitute a default. Id. at 856-57. The Court's conclusion might be different if Concorde's counsel withdrew at an earlier time, leaving Concorde in a position where discovery requests were not answered and dispositive motions were ignored. The actual events are more consistent with a party who chooses not to appear for trial or appears for trial and does absolutely nothing, and a failure in this regard does not place the defendant in default.

The Court is also unwilling to enter judgment in favor of Plaintiff after Plaintiff was unable to convince a jury that it was entitled to judgment. In other words, with a free, unopposed opportunity to present evidence to a factfinder, Plaintiff was unable to prevail. It seems contrary to justice (and common sense) to reach back and give Plaintiff a judgment notwithstanding the jury's rejection of its claim.[2] This consideration is particularly relevant given the extent to which all of Plaintiff's claims were factually

---

[1]Plaintiff's suggestion that the Clerk of Court was obligated to enter a default judgment notwithstanding the Court's failure to do so is not correct because Concorde had appeared in the case. E.g., Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n, 874 F.2d 274, 276 (5th Cir. 1989). It is also incorrect because, as discussed later, any entry of default can only be justified as a sanction and not an entitlement, so the Clerk of Court was not empowered to enter it.

[2]This would be similar to a litigant challenging the denial of summary judgment after losing at trial, claiming that the summary judgment motion should have been granted and a trial never held. The preference is to proceed with the judgment that has been rendered after the complete development of the record. E.g., Hertz v. Woodbury County, Iowa, 566 F.3d 775, 779-80 (8th Cir. 2009).

intertwined.  Cf. Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1512 (11th Cir. 1984) (holding default judgment should not be allowed due, in part, to concern that the plaintiff could collect a judgment on a contract that the jury found was breached by the plaintiff and declaring "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."); see also Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3rd Cir. 1986).

  The Court's conclusion might be different if Concorde was the only party, or if it had taken other actions that interfered with the orderly processing of this case.  In such a case, Concorde's actions might justify a sanction.  Cf. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917-18 (3rd Cir. 1992) (describing entry of default based on disruption of orderly processing of the case as a sanction, not an entitlement).  However, the facts in this case do not justify the sanction Plaintiff seeks, and the Court adheres to its decision not to strike Concorde's Answer and impose a default judgment.

IT IS SO ORDERED.

                 /s/ Ortrie D. Smith
                 ORTRIE D. SMITH, JUDGE
DATE: April 30, 2010         UNITED STATES DISTRICT COURT