IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THE WEITZ COMPANY, L.L.C., | ) | |
| | ) | |
|     Plaintiff/Third-Party Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 07-0103-CV-W-ODS |
| | ) | |
| MacKENZIE HOUSE, L.L.C. and | ) | |
| MH METROPOLITAN, L.L.C., | ) | |
| | ) | |
|     Defendants/Counterclaimants, | ) | |
| | ) | |
| ARROWHEAD CONTRACTING, INC., | ) | |
| CONCORDE CONSTRUCTION | ) | |
| COMPANY, INC., POLAR AIRE | ) | |
| HEATING AND COOLING SERVICE, | ) | |
| INC., CONSTRUCTION BUILDING | ) | |
| SPECIALTIES, INC. and FIDELITY | ) | |
| DEPOSIT COMPANY OF MARYLAND, | ) | |
| | ) | |
|     Third-Party Defendants. | ) | |

<u>ORDER AND OPINION (1) GRANTING PLAINTIFF'S MOTION FOR JUDGMENT AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS FEES, COSTS AND INTEREST</u>

By agreement of the parties, the issue of Horizon Plumbing's ("Horizon") liability on its obligation to indemnify Plaintiff is to be addressed by the Court.

<u>I.</u>

A brief summary of the case will help place matters in perspective. Plaintiff was the general contractor on a construction project; Defendants[1] were the owners of the project. Horizon was one of the subcontractors on the project, and the agreement between Plaintiff and Horizon contained several provisions designed to protect Plaintiff

---

[1] MH Metropolitan and MacKenzie House were the Defendants. Their individual roles need not be set forth and they are referred to collectively.

from liability caused by Horizon. For instance, section 8.4 required Horizon to "defend, indemnify and hold harmless the Owner, Contractor, Architect . . . from and against claims, damages, losses and expenses, including but not limited to attorney's fees and loss of use . . . to the extent arising out of or resulting form the performance by [Horizon] of its Work under the Subcontract Documents or any breach of any provisions of the Subcontrct Documents by [Horizon]." Section 6.6 declared that if Horizon failed to complete its work within the time agreed, then it would "pay the Contractor for such delay damages as the Contractor shall be required to pay to the Owner under the Prime Contract, but only to the extent allocable to [Horizon's] delayed completion." Finally, Section 12.1 declared that if either party was required "to institute legal proceedings against the other party for recovery of any amounts due and owing under the Agreement . . . the prevailing party in any such action shall be entitled to recover . . . all costs, including reasonable attorney's fees . . . ."

Defendants terminated the prime contract with Plaintiff in January 2007. Plaintiff initiated this suit shortly thereafter seeking recovery of sums it believed were due under the contract. Defendants counterclaimed, alleging Plaintiff owed money pursuant to a liquidated damages clause contained in the contract for delayed completion, as well as certain costs related to completion. Plaintiff then filed third-party complaints against various subcontractors (including Horizon). Defendants filed their own claim against Horizon.

The issues surrounding Horizon's contribution to the delays and costs focused primarily – but not exclusively – on its failure to connect two of the balcony drain connections in the South Tower. Defendants alleged the failure to connect the drain pipes resulted in an accumulation of water and moisture that damaged other parts of the project. Horizon's work (including its failure to properly connect the pipes) was completed before January 2007, but the failure was not discovered until after the prime contract was terminated. It thus fell upon Defendants to remedy the problem; they claimed the remediation cost nearly $334,000 and caused 84 days of delay.

In August 2009, Defendants and Horizon entered an agreement to settle the costs associated with the repair effort, but the agreement did not address the delay

costs Defendants sought. In January 2010, Horizon sought an order enforcing the settlement agreement and dismissing it from the case, but the motion was denied on January 19, 2010 because the settlement did not address certain costs sought by Defendants, nor did it address Defendants' claim against Plaintiff for liquidated damages due to the 84 days of delay. See Docket Entry # 488. On January 25 – the day trial commenced – Defendants dismissed all claims against Horizon as well as "all claims asserted in, or which could have been asserted in [this lawsuit] against Plaintiff . . . for damages arising out of Horizon Plumbing's work on the project . . . ." This effectively removed all claims involving Horizon from the case. Plaintiff now seeks recovery of the fees and costs it expended to defend these claims until they were dismissed on the morning of trial.

II.

Horizon does not deny that it has an obligation to defend Plaintiff. Instead, it contends it has not "refused and failed to defend" because one of its insurance companies, Federated Mutual Insurance Company ("Federated"), agreed to cover the defense costs. Though laudable, this act does not necessarily fulfill Horizon's obligation. The insurer did not provide counsel; instead, at accepted and paid invoices submitted by the attorneys Plaintiff retained. Horizon argues (1) establishing this arrangement satisfied its obligation and (2) Plaintiff should submit its invoices to Federated.

Horizon overlooks an important fact: Plaintiff cannot enforce any agreement between Horizon and Federated. The only obligation it can enforce is the one between itself and Horizon. If Federated declines to pay (or, more likely, declines to pay the amount Plaintiff believes is due), Plaintiff's only recourse is to proceed against Horizon. The suggestion that Horizon has fulfilled its obligations is not well-founded because Plaintiff did not bargain for Horizon to obtain insurance to which Plaintiff could submit invoices – it bargained for Horizon to pay legal costs. Plaintiff is not obligated to submit invoices to Federated as a substitute for the performance it bargained for. Plaintiff is

3

entitled to a judicial determination of the amount Horizon owes, and it is entitled to collect that amount from Horizon.  Horizon is entitled to ask Federated to pay the amount it owes Plaintiff, but it is not entitled to force Plaintiff to forego its lawsuit and deal with Horizon's designated third-party.

Plaintiff has asked Horizon to pay its defense costs.  Horizon has not done so.  Therefore, Horizon has breached its obligation and Plaintiff is entitled to a judgment against Horizon in the amount of its unreimbursed defense costs.  The Court also holds Plaintiff is entitled to recover the fees and costs associated with enforcing Horizon's obligation.  In Nusbaum v. City of Kansas City, the Missouri Supreme Court held such fees and costs can be recovered only if "the indemnification provision suggests that it provides for the recovery of legal expenses incurred in establishing the right to indemnity." 100 S.W.3d 101, 109 (Mo. 2003) (en banc).  It contrasted an earlier decision from the Missouri Court of Appeals where such a recovery was permitted because the contract in that case "expressly provided for the recovery of expenses incurred in establishing the right to indemnity."  Id. (citing RJF Int'l Corp. v. B.F. Goodrich Co., 880 S.W2d 366, 371-72 (Mo. Ct. App. 1994)).  In the present case, section 12.1 of the contract specifically allows for the recovery of "all costs, including reasonable attorney's fees" if it is "necessary for either party to institute legal proceedings against the other party for recovery of any amounts due and owing under the" agreement.  The present case is thus more similar to RJF Int'l than it is to Nusbaum, and the Court concludes Plaintiff is entitled to recover those reasonable fees and expenses.

III.

Plaintiff seeks over $120,000 in attorney fees.  This claim is governed by Missouri law, and under Missouri law the trial judge is deemed an expert on the reasonableness of fees.  E.g., O'Brien v. B.L.C. Ins. Co., 768 S.W.2d 64, 71 (Mo. 1989) (en banc).   After considering the parties' arguments, the Court does not believe these sums are reasonable in the context of this case.

The claim for fees consists of two components: the fees associated with tasks that related solely to Horizon, and a share of fees associated with tasks that were not solely attributed to Horizon. The latter component consists of two categories: "block billed" entries that combined work performed with respect to multiple Defendants, and "common" work related to the litigation as a whole and not to any particular Defendant.

With respect to the first component, Plaintiff originally identified $30,391.50 in fees for work performed specifically in connection with Horizon. Horizon has compared the documentation Plaintiff submitted to Federated to the corresponding information Plaintiff offers in connection with its motion and has discovered an error involving thirty minutes. Horizon seizes on this error – and this error alone – to argue the entirety of Plaintiff's submission is suspect. The Court is not nearly as alarmed, and declines to accept Horizon's argument that Plaintiff's entire calculation must be overstated by 5%.[2]

Finally, there is the matter of the "block billed fees" and "common" fees. Plaintiff explains that in cases where time was "block billed" and encompassed multiple tasks for more than one party, the attorneys

> estimated as best as possible the allocation based on our specific recollection of the work in question where possible, our general knowledge of how this file was handled, our general knowledge of the work performed by the various people involved in working on the file, and my experience as a lawyer in working with our firm's invoices.

DeMarea Affidavit ¶ 6(c). Plaintiff allocated the "common fees" among the other parties equally based on the number in the case at the time. Id. The Court does not believe these approaches are the most accurate method for estimating the fees reasonably attributable to Horizon.

MacKenzie House and MH Metropolitan (collectively "MH") have been treated as a single Defendant, which is appropriate given the facts and nature of the case.

---

[2]The relevant portions of the materials submitted to the Court encompasses 9.8 hours of work, while the invoices submitted to Federated encompassed 9.3 hours of work. Interestingly, the amount billed to Federated appears to be $37 *more* than the corresponding amounts in the materials Plaintiff submitted to the Court.

5

However, it is also important to recall that the primary dispute – and the focus of much of this litigation – has been between Plaintiff and these two Defendants. The post-verdict division of block-billed entries is entitled to little weight (or, at least, less weight than would specific entries) because the determination is (1) not contemporaneous with the events in question and (2) may be affected by the fact that fees allocable to MH are not recoverable and fees allocable to Horizon are. Allocating the "common fees" based solely on the number of opponents in the case obscures each one's role and importance. For instance, attendance at the pretrial conference was a "common" event, but attendance would have been necessary even if Horizon had no longer been in the case. Plaintiff's approach is prone to inaccuracy given that much of the time spent at the conference involved a discussion of the "main" dispute between Defendants and Plaintiff.

The Court will treat the "common fees" and "block billed fees" the same (which it must, because Plaintiff has not provided a ready method for distinguishing between the two) and apportion them among the Defendants based on (1) the time they were in the suit, (2) their importance to the overall litigation, and (3) the amount of time Plaintiffs reasonably apportioned to each of them. The Court is guided by its assessment of the case and the issues as well as the apportionment of time represented by Plaintiff's "specific billing."

The total of all "common" and "block billed" fees is $611,731.50. The Court concludes Horizon should be responsible for 15% of that sum, or $91,759.73. When combined with the specific entries, the total amount of reasonable fees Plaintiff incurred defending the claims involving Horizon is $122,151.23. Subtracting the $3,803.50 credit for Federated's prior payment (as well as a $2,727.93 credit Plaintiff identifies as a "Database Creation Credit") leaves $115,619.80 owed by Horizon to Plaintiff.

The Court has reviewed Plaintiff's request for costs and finds it to be reasonable. Accordingly, Horizon is also ordered to pay Plaintiff's costs in the amount of $12,576.30.

IV.

Plaintiff's motion for judgment with respect to Horizon Plumbing's duty to defend (Doc. # 550) is granted. Plaintiff's motion for fees, costs and interest (Doc. # 554) is granted in part and denied in part. It is denied insofar as it seeks fees, costs and interest as to Concorde Construction.[3] It is granted in part insofar as it seeks fees and costs as to Horizon Plumbing. Plaintiff is awarded attorney fees of $115,619.80 and costs of $12,576.30.

IT IS SO ORDERED.

DATE: May 6, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[3]On April 30, 2010, the Court denied Plaintiff's renewed Motion for Default Judgment as to Concorde Construction.