IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE WEITZ COMPANY, L.L.C., | ) |
|     Plaintiff/Third-Party Plaintiff | ) |
| vs. | ) Case No. 07-0103-CV-W-ODS |
| MacKENZIE HOUSE, L.L.C. and MH METROPOLITAN, L.L.C., | ) |
|     Defendants/Counterclaimants, | ) |
| ARROWHEAD CONTRACTING, INC., CONCORDE CONSTRUCTION COMPANY, INC., POLAR AIRE HEATING AND COOLING SERVICE, INC., CONSTRUCTION BUILDING SPECIALTIES, INC. and FIDELITY DEPOSIT COMPANY OF MARYLAND, | ) |
|     Third-Party Defendants. | ) |

## ORDER GRANTING ARROWHEAD CONTRACTING, INC.'S MOTION FOR ATTORNEY FEES AND COSTS

On May 10, 2010, the Court issued an Order addressing the parties' arguments regarding Arrowhead Contracting, Inc.'s ("Arrowhead") request for attorney fees and costs. The Court concluded Arrowhead is entitled to recover fees and costs, but directed Arrowhead to supplement its request so the Court could evaluate the amount of fees and costs requested. The Court has reviewed Arrowhead's supplemental submission.

Arrowhead requests fees in the amount of $449,712.06. The Court concludes the hourly rate charged by the attorneys and the amount of hours expended are reasonable. The Court also concludes the hours expended by the paralegal are reasonable, but a reasonable rate is $80/hour.[1] In reaching these conclusion the Court

---

[1] Without demeaning or minimizing the value of a paralegal's work, the Court holds that an hourly rate for paralegals that rivals the rate charged for an attorney's work is excessive.

has not only considered the material submitted by Arrowhead, but also the attorney fee request submitted by Plaintiff as well as the Court's experience with the case. Plaintiff argues that its fees and costs on issues attributed to Arrowhead were "only" $318,367 (approximately $220,000 of which was fees, the remainder being costs). Accepting that Plaintiff's apportionment of fees is valid, it should also be noted that Plaintiff incurred over one million dollars in attorney fees for the case as a whole, and the total amount of hours purportedly expended by Plaintiff's counsel solely with respect to Arrowhead (approximately 1100 hours) is comparable to the amount of time Arrowhead spent (approximately 1400 hours) defending against Plaintiff's claims and prevailing on its own.

Plaintiff also attacks the reasonableness of Arrowhead's request by contending the total of fees and costs exceeds the amount Arrowhead was awarded by the jury. Even if this circumstance could automatically render the fee request unreasonable, Plaintiff's description is not completely accurate. While Arrowhead received a verdict of slightly more than $556,000, it also defended a claim by Plaintiff seeking in excess of $800,000. Thus, counsel's efforts were "worth" over $1.3 million dollars to Arrowhead.

The issue of costs is more troubling, but the Court ultimately concludes Arrowhead's request should be granted (with slight modification). Arrowhead seeks costs in the amount of $231,972.29. Of this total, nearly $200,000 represents costs associated with retaining an expert witness. The remainder ($32,661.63) represents costs for copying, depositions and other transcripts, and so forth. Starting with the latter sum, the Court subtracts the amount associated with Westlaw research because this is supposed to be included in a law firm's overhead expenses and is not normally awarded as an item of costs. The Court also reduces the cost for photocopies because photocopying should not be a profit source for law firms. Finally, the Court notes that the invoices from the time Arrowhead's counsel were associated with the law firm of Husch & Eppenberger, LLC., also reflect charges for copying and Westlaw research. The Court will award Arrowhead a total of $27,500 for the costs unrelated to experts.

With respect to the expert, the Court admits to some concern that the figure appears rather large. However, the Court lacks the means to specify any particular

criticism or to meaningfully hold the amount should be less.  The Court possesses the inherent expertise to evaluate the reasonableness of time spent by an attorney on a case, but does not have that expertise with respect to experts.  The expert's hourly rate ($110/hour) appears reasonable, and the Court cannot say the amount of time spent by the expert is unreasonable.

Plaintiff invites the Court to compare its expert to Arrowhead's, but the comparison does not lead to any helpful conclusions.  For instance, Plaintiff contends Arrowhead's expert failed to perform a "critical path analysis," which is true – but then, this fact did not preclude him from providing expert testimony to the jury.  Plaintiff also minimizes the impact or value of Arrowhead's expert, but the Court cannot ignore the fact that the jury obviously credited Arrowhead's expert (and did not credit Plaintiff's expert).  Finally, the total amount billed by Plaintiff's expert (more than $330,000) is greater than the amount billed by Arrowhead's.  Ultimately, while the Court may have misgivings, there is nothing in the Record that supports a reduction in this component of Arrowhead's costs.

While the amounts appear relatively high, Arrowhead's fee and cost request is supported by the nature and complexity of the case and the length of time involved in bringing the case to a conclusion.  Accordingly, the Court holds Plaintiff must pay Arrowhead attorney fees in the amount of $438,625.56 and costs in the amount of $226,810.66.
IT IS SO ORDERED.

                                                /s/ <u>Ortrie D. Smith</u>
                                                ORTRIE D. SMITH, JUDGE
DATE: June 3, 2010                        UNITED STATES DISTRICT COURT